BRADLEY CLARK,

        Petitioner,

  v.                                     Case No. 22-cv-1306-pp

WARDEN R.D. KEYES,[1]

        Respondent.

**ORDER DISMISSING PETITION FOR WRIT OF *HABEAS CORPUS* UNDER 28 U.S.C. §2241 (DKT. NO. 1), DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY AND DISMISSING CASE WITH PREJUDICE**

On November 3, 2022, the petitioner, who currently is incarcerated at Oxford Federal Correctional Institution and is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 challenging his federal conviction for violating 28 U.S.C. §924(c)(1). Dkt. No. 1. This order denies the petition and dismisses the case.

**I.    Background**

        A.    <u>Underlying Case</u>

The petitioner asserts that he is challenging his sentence in <u>United States v. Clark</u>, 3:07-cr-30112 (C.D. Ill.). Dkt. No. 1 at 1, 9. On November 7, 2007, the grand jury issued an indictment charging the petitioner with

---

[1] The petitioner named as the respondent FCI-Oxford Warden. Dkt. No. 1 at 1. The warden at Federal Correctional Institution, Oxford is R.D. Keyes. <u>See</u> <u>Hense v. Keyes</u>, Case No. 22-cv-521-jdp (W.D. Wis.). The court's staff contacted FCI Oxford and confirmed that Keyes is the current warden.

1

conspiracy to manufacture five or more grams of methamphetamine in violation of 21 U.S.C. §§846, 841(a)(1) and 841(b)(1)(B) (Count One); possession of a firearm in furtherance of and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A)(ii) (Count Two); and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§922(g)(1) and (2) (Count Three). Id., Dkt. No. 11. On July 28, 2008, the petitioner pled guilty to Counts One and Two. Id., Dkt. No. 26. On December 8, 2020, District Judge Jeanne E. Scott sentenced the petitioner to sixty months (five years) of imprisonment on Count One and 360 months of imprisonment on Count Two, to run consecutively to the sentence imposed on Count One; she imposed a sentence of five years of supervised release to follow the term of incarceration. Id., Dkt. No. 44. The court entered judgment on December 10, 2008. Id.

On January 7, 2015, the petitioner filed a motion for appointment of counsel to file a motion to reduce his sentence. Id., Dkt. No. 52. The court denied the motion on June 17, 2015 and entered its final finding that the petitioner was not eligible for a sentence reduction on July 22, 2015. Id., Minute Entries. On July 25, 2015, District Judge Sue. E. Myerscough denied the petitioner's motion for a sentence reduction under 18 U.S.C. §3582(c)(2). Id., Dkt. No. 54. The petitioner indicates that he never filed an appeal of, or a collateral attack on, his sentence. Dkt. No. 1 at 15.

  B. <u>The Petition</u>

In response to the question, "What are you challenging in this petition?," the petitioner marked the "Other" box, and stated, "Intervening change in law

by the Supreme Court in which renders mandatory minimum illegal and charged with a non-existent federal crime." Dkt. No. 1 at 1-2. He marked boxes indicating that he is not challenging the validity of his conviction or sentence as imposed and that he has not previously filed a 28 U.S.C. §2255 petition. Id. at 3. In the portion of the petition where he was asked to explain "why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence," the petitioner responded, "Due to the statute of limitations period under AEDPA, thus, as [the petitioner] is relying upon a statutory interpretation by the Supreme Court that was handed down in 2016 and defective indictment as Count Two fails to charge a federal crime." Id. at 4.

The petitioner raises two grounds for relief. Ground One alleges that under Mathis v. United States, 579 U.S. 500 (2016), he is innocent of the offense charged in Count Two—a violation of §924(c)(1)(A)(ii)—"in the wake of the U.S. Supreme Court's Ruling in Mathis v. United States, 136 S. Ct. 2243 (2016)." Dkt. No. 1 at 9. The petitioner argues that 18 U.S.C. §924(c)(2) requires that the underlying offense be a "drug trafficking crime," and he asserts that his conspiracy conviction (Count One) does not constitute drug trafficking. Id. at 13-14. In support of this argument, the petitioner cites Mathis, along with cases from the Fourth Circuit (United States v. Norman, 935 F.3d 232 (4th Cir. 2019) and the Tenth Circuit (United States v. Martinez-Cruz, 836 F.3d 1305, 1308-1314 (10th Cir. 2016). Id.

Ground Two alleges that Count Two is "fatally defective" because it charges a nonexistent offense in violation of the petitioner's Fifth and Sixth

3

Amendment rights. Id. at 15. He asserts that Count Two was defective because it omitted the serial number, make and model of the firearm and because the Fifth, Sixth, Tenth and Eleventh Circuits "have held that Section 924(c), charges two separate offenses, thus, the intermixing of elements of both offenses renders it a nonexistent offense in which requires Count Two, Section 924(c), should be **VACATED** in the case herein." Id. at 18.

The petitioner says that his §2241 petition is proper because a §2255 petition would be inadequate or ineffective to challenge his conviction and sentence, because he is relying on a 2016 Supreme Court case to challenge the "defective indictment" and the statute of limitations period under AEDPA (the Antiterrorism and Effective Death Penalty Act) has run out. Id. at 4. For relief, he asks the court to vacate his conviction and sentence as to Count Two and schedule a resentencing hearing. Id. at 21.

**II. Analysis**

    A.    <u>Standard</u>

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) (E.D. Wis.), the court applies the Rules Governing Section 2254 Cases to a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. <u>Chagala v. Beth</u>, No. 15-CV-531, 2015 WL 2345614, at *1 (E.D. Wis. May 15, 2015). Those rules require the court to review, or "screen," the petition. Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the

respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A court must allow a *habeas* petition to proceed unless it is clear that the petitioner is not entitled to relief in the district court. At the screening stage, the court expresses no view as to the merits of any of the petitioner's claims. Instead, the court considers whether the petitioner has stated cognizable grounds for federal *habeas* relief and whether the petitioner has exhausted his available remedies.

B. Analysis

1. *Applicable Law*

A person seeking to mount a collateral attack on his federal conviction and sentence must file in the district of conviction a motion to vacate, set aside or correct that sentence under 28 U.S.C. §2255; the statute allows a person serving a federal sentence to "move the court which imposed the sentence to vacate, set aside or correct the sentence." Chazen, 938 F.3d at 856; 28 U.S.C. §2255(a). "In the great majority of cases," §2255 is the "exclusive postconviction remedy for a federal prisoner." Purkey v. United States, 964 F.3d 603, 611 (7th Cir. 2020).

Section 2255 has a strict, one-year statute of limitations that runs from one of four dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

5

Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f).

Generally, §2255 limits a petitioner to one opportunity for relief. Bourgeois v. Watson, 977 F.3d 620, 632 (7th Cir. 2020). There are two exceptions to that rule. The first is §2255(h), which authorizes a federal court of appeals to give the incarcerated person permission to file a second or successive motion if the second or successive motion contains "newly discovered evidence" providing innocence or identifies "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." Id. (quoting 28 U.S.C. §2255(h)). The second exception is §2255(e), more commonly known as the "savings clause." Id. Under the savings clause, a *habeas* petition "shall not be entertained" if it appears that the petitioner "has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*" Id. (quoting 28 U.S.C. §2255(e)).

      2.    *Claims Unrelated to* Mathis

The district court for the Central District of Illinois entered judgment against the petitioner in December 2008. It appears that he did not appeal that conviction, since he left that portion of the petition blank. Dkt. No. 1 at 2. He states that he did not file a §2255 petition asking the district court for the

6

Case 2:22-cv-01306-PP   Filed 05/18/23   Page 6 of 19   Document 4

Central District of Illinois to vacate, set aside or correct the sentence. Id. at 3. The petitioner's conviction became final on December 8, 2008 and it has been far more than one year since that time; the petitioner filed this petition almost fourteen years after the conviction became final. That means that the one-year limitation period under §2255(f)(1) has expired for any claims the petitioner could have brought between December 8, 2008 and December 8, 2009.

The second ground the petitioner raises claims that Count Two charged him with a "non-existent offense." Dkt. No. 1 at 15. The petitioner cites United States v. Blandford, 33 F.3d 685, 704 (6th Cir. 1994) for the proposition that an indictment must inform the defendant of the nature and cause of the accusation. Id. at 16. He cites cases such as Williams v. Haviland, 467 F.3d 527, 535 (6th Cir. 2006), United States v. Douglas, 398 F.3d 407, 413 (6th Cir. 2005), United States v. Kuehne, 547 F.3d 667, 696 (6th Cir. 2008); Russell v. United States, 368 U.S. 749 (1962); Davis v. United States, 253 F.2d 24, 25 (6th Cir. 1958); and United States v. Richman, 369 F.2d 465, 467 (7th Cir. 1966) in support of his arguments that the indictment must sufficiently apprise a defendant of all the elements of the alleged violations. Id. at 16-17.

The petitioner asserts that the indictment in his case did not include the serial number, make or model of the firearm. Id. at 18. The petitioner had reason to know that fact as early as his arraignment hearing in 2007 and his guilty plea hearing in 2008. All but one of the cases the petitioner cited on pages 16 and 17 of his petition were decided *before* the defendant was charged and *before* he pled guilty. The notion that the indictment must include all the

7

elements of a violation was not a new one at the time the petitioner was charged or at the time he pled guilty. The petitioner could have challenged this alleged deficiency in the indictment while his case was pending in the Central District of Illinois. He could have challenged this alleged deficiency on appeal (the appeal he did not file). Had he been unsuccessful in those challenges, he could have raised this claim in a §2255 petition to the district court for the Central District of Illinois. Because he could have raised this challenge in a §2255 petition before the court that sentenced him but did not do so, §2255(e) prohibits this court from entertaining his claim, via a §2241 petition, that Count Two of the indictment was deficient because it did not describe the serial number, make or model of the firearm.

The petitioner next argues that Count Two charged "two separate offenses, thus, the intermixing of elements of both offenses renders it a nonexistent offense" such that Count Two must be vacated. Dkt. No. 1 at 18. He cites United States v. Ceballos-Torres, 218 F.3d 409, 413 (5th Cir. 2000); United States v. Combs, 369 F.3d 925, 933-37 (6th Cir. 2004); United States v. Lott, 310 F.3d 1231, 1246 (10th Cir. 2002); and United States v. Timmons, 283 F.3d 1246, 1250-53 (11th Cir. 2002) in support of this argument. Id. at 18-19. These cases do not support the petitioner's arguments. Only one of them, Combs, seems to relate to the argument he is trying to make. Combs is a 2004 decision from the Sixth Circuit in which it decided that there were two different ways one could violate §924(c)—either by using or carrying a firearm during and in relation to a crime of violence or a drug trafficking offense, or by

8

possessing a firearm in furtherance of a crime of violence or a drug trafficking offense. Combs, 369 F.3d at 933. The court held that each of those two methods of violating the statute had different elements, and concluded that the indictment in Combs's case had confused the elements of the two offenses. Id. at 933-34. Because of that confusion, the court found that the indictment was defective. Id. at 934.

It appears that the petitioner is trying to argue that Count Two of his indictment charged him both with possessing a firearm in furtherance of a drug trafficking crime and carrying a firearm during and in relation to a drug trafficking crime; he appears to believe that under these cases, the law prohibited the government from charging him in a single count with both methods of violating §924(c). None of the cases the petitioner cites say this, and none of them are Seventh Circuit cases (the court of appeals whose decisions are binding on this court, and on the Central District of Illinois courts). But even if the petitioner is right on the law, this argument, too, was available to him at the time he was charged and at the time he pled guilty. All the cases he cites pre-date his indictment, conviction and sentence. The petitioner could have raised this argument while his case was pending or on appeal. If he had been unsuccessful, he could have raised this argument in a §2255 petition to the district court for the Central District of Illinois. He did not do so, and §2255(e) thus prohibits this court from entertaining this argument via a §2241 petition.

9

The petitioner argues that Count Two was deficient because it omitted the "jurisdictional element" of the offense, "For which the person may be prosecuted in a court of the United States." Dkt. No. 1 at 19-20. In support of this argument, he cites Hamling v. United States, 418 U.S. 87, 117 (1974) (noting that it is "generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished,'" quoting United States v. Carll, 105 U.S. 611 (1888)). He cites Hugi v. United States, 164 F.3d 378, 381 (7th Cir. 1999), in which the Seventh Circuit noted that a nexus with interstate commerce is an essential element of certain offenses. He cites United States v. Meacham, 626 F.2d 503, 507 (5th Cir. 1980), where the Fifth Circuit found that the elements listed in the indictment did not state an offense against the United States. He cites United States v. Du Bo, 186 F.3d 1177 (9th Cir. 1999), in which the Ninth Circuit held that an indictment's failure to specify the *mens rea* necessary for a Hobbs Act robbery required dismissal. Again, these cases pre-date the petitioner's charging, conviction and sentence. He could have made this argument to the court in the Central District of Illinois when his case was pending, or on appeal. If unsuccessful, he could have raised the argument in a §2255 petition to the district court for the Central District of Illinois. He did not do so, and §2255(e) prohibits this court from entertaining this argument brought through a §2241 petition.

The problem with the arguments the petitioner raises in Ground Two can be traced back further than his failure to raise them in a §2255 petition. They can be traced back to the fact that he did not appeal these issues after his conviction. "A claim not raised on direct appeal generally may not be raised for the first time on collateral review and amounts to procedural default." White v. United States, 8 F.4th 547, 554 (7th Cir. 2021) (citing McCoy v. United States, 815 F.3d 292, 295 (7th Cir. 2016)). The petitioner did not raise on appeal any of his arguments regarding the alleged deficiencies in Count Two; he did not appeal at all. "To overcome the procedural default and obtain § 2255 relief, [a petitioner] must show either cause for the default and actual prejudice from the alleged error, or that he is actually innocent . . . ." Id. (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). The petitioner has not alleged cause and actual prejudice. He asserts, however, that he is "actually-innocent" of the §924(c) violation "in the wake of the U.S. Supreme Court's Ruling" in Mathis. Dkt. No. 1 at 9.

The court will address the Mathis issue in the next section, but the petitioner misapprehends the "actual innocence" standard necessary to overcome default. "It is important to note that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. "To establish actual innocence, petitioner must demonstrate that, '"in light of all the evidence,"' 'it is more likely than not that no reasonable juror would have convicted him.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)). While the petitioner asserts that he is "actually innocent" because he believes

11

that Mathis changed the law as it applies to him, he has *not* alleged or demonstrated—or come close to alleging or demonstrating—that he is factually innocent of the §924(c) charge such that no reasonable juror would have convicted him. Because he has not demonstrated actual innocence, he cannot overcome the fact that he defaulted on his claims that Count Two of the indictment was defective.

### 3. Mathis

The petitioner asserts that Mathis, which the Supreme Court decided in 2016, renders his §924(c) conviction invalid. Dkt. No. 1 at 9. He argues that a §2255 motion is an inadequate or ineffective mechanism for him to raise this claim (the language from §2255(e)'s savings clause) because Mathis was decided long after his one-year limitations period for filing a §2255 petition expired. Id. at 10. Accordingly, he asserts that the savings clause of §2255(e) allows him to raise his Mathis claim through this §2241 petition. He is incorrect.

The Seventh Circuit has articulated a three-part test to determine whether an incarcerated person may proceed under the §2255(e) savings clause "for statutory interpretation claims":

> (1) the claim relies on a statutory interpretation case, not a constitutional case and thus could not have been invoked by a successive §2255 motion; (2) the petitioner could not have invoked the decision in his first §2255 motion and the decision applies retroactively; and (3) the error is grave enough to be deemed a miscarriage of justice.

Mangine v. Withers, 39 F.4th 443, 447 (7th Cir. 2022) (quoting Beason v. Marske, 926 F.3d 932, 935 (7th Cir. 2019)).

12

The petitioner argues that Mathis is a statutory interpretation case. He cites Sutton v. Quintana, No. 16-6534, 2017 WL 4677548 (6th Cir. July 12, 2017), a case which he says concluded that Mathis is a case of statutory interpretation and that it applies retroactively under the savings clause. Dkt. No. 1 at 12. The petitioner is correct that the Sixth Circuit held in Sutton that Mathis was a case of statutory interpretation. Sutton, 2017 WL 4677548, at *2. This court agrees. The defendant in Mathis received a fifteen-year mandatory minimum sentence under 18 U.S.C. §924(e)(1), commonly known as the Armed Career Criminal Act. Mathis, 579 U.S. at 507. The ACCA imposes a fifteen-year mandatory minimum sentence if the defendant is convicted of being a prohibited person in possession of a firearm after he has accrued three, prior convictions for a "violent felony." Id. at 503 (citing 18 U.S.C. §924(e)(1)). At the time of Mathis's sentencing, the statute defined a "violent felony" to include felony burglary, arson or extortion, whether federal or state. Id. Mathis had five prior convictions for burglary under Iowa law. Id. at 507. The issue was whether the Iowa convictions constituted "predicate" convictions sufficient to trigger the mandatory minimum sentence under the ACCA. The Supreme Court held that Iowa's burglary statute covered more conduct than the "generic" burglary referenced in the ACCA, id. at 509, and thus that Mathis's convictions didn't qualify as "predicate offenses" triggering the mandatory minimum under the ACCA, id. at 520. The court's ruling delves into the complicated methods by which courts determine whether a crime constitutes a predicate offense under

13

a statute like the ACCA—the categorical approach, the modified categorical approach. At any rate, Mathis clearly was a case of statutory interpretation.

The petitioner could not have invoked Mathis at the time of his conviction, sentencing or appeal (had he filed one), because the Supreme Court did not decide it until some eight years after he was convicted.

The petitioner was not convicted of being a prohibited person in possession of a firearm. He was not sentenced under the Armed Career Criminal Act. And the Seventh Circuit Court of Appeals—whose decisions, unlike the Sixth Circuit's, bind *this* court and the court in the Central District of Illinois—has "suggested (without deciding) that *Mathis* is retroactive." Chazen v. Marske, 938 F.3d 851, 861 (7th Cir. 2019).

But the petitioner cannot proceed under the savings clause, because his claim does not rely on Mathis. The petitioner was not sentenced under the Armed Career Criminal Act. Even though Mathis is a statutory interpretation case, it did *not* interpret the statute under which the petitioner was convicted and sentenced—18 U.S.C. §924(c). Even if Mathis applies retroactively, and even if the petitioner couldn't have raised a Mathis argument within one year of when his conviction became final (because Mathis hadn't been decided at that point), Mathis simply doesn't apply to the petitioner. It involved a different offense of conviction (being a prohibited person in possession of a firearm). It involved a different sentencing enhancement statute (the Armed Career Criminal Act). Mathis had nothing to do with §924(c) or convictions for using or carrying a firearm during and in relation to a drug trafficking offense or

possessing a firearm in furtherance of a drug trafficking offense. And *that* is what the petitioner pled guilty to and *that* is the statute under which he was sentenced, *not* the statute at issue in Mathis.

The petitioner asserts that for him to have been convicted of using or carrying a firearm during and in relation to a drug trafficking crime, or possessing a firearm in furtherance of a drug trafficking crime, he must have been convicted of a drug trafficking crime. Dkt. No. 1 at 14. He is correct. But his own exhibit demonstrates that he *was* convicted of a drug trafficking crime—conspiracy to manufacture five or more grams of methamphetamine in violation of 21 U.S.C. §§846, 841(a)(1) and 841(b)(1)(B). Dkt. No. 1-1 at 1. Section 924(c)(2) defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. §801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. §951 et seq.), or chapter 705 of title 46." §924(c)(2). Conspiracy to manufacture five or more grams of methamphetamine is a "felony punishable under the Controlled Substances Act," which means it constitutes "drug trafficking" for purposes of §924(c)(2).

The petitioner cites United States v. Norman, 935 F.3d 232 (4th Cir. 2019). Norman was convicted of three offenses—being a prohibited person in possession of a firearm, possession of heroin and cocaine with intent to distribute and possession of a firearm in furtherance of a drug trafficking offense. Id. at 236. The probation office calculated Norman's base offense level for the prohibited-person-in-possession-of-a-firearm charge as 20 under U.S.S.G. §2K2.1(a)(4)(A), which provides for an offense level of 20 if the

15

defendant committed any part of the offense after sustaining a felony conviction for a controlled substance offense. Id. at 235. On appeal, Norman argued that his 2008 conviction for conspiracy to possess cocaine and cocaine base with intent to distribute in violation of 21 U.S.C. §846 was not a predicate felony sufficient to trigger the bump up to offense level 20. Id. at 237. The Fourth Circuit agreed, finding that because the Sentencing Guidelines did not define "conspiracy," because generic "conspiracy" requires an overt act and because §846 conspiracy does *not* require an overt act, §846 criminalized more conduct than generic conspiracy. Id. at 237-38. The Fourth Circuit concluded that the district court erred in enhancing Norman's sentence based on his 2008 §846 conspiracy conviction. Id. at 239.

The petitioner also cites United States v. Martinez-Cruz, 836 F.3d 1305 (10th Cir. 2016). Martinez-Cruz was convicted of conspiracy to possess with intent to distribute marijuana, possession with intent to distribute marijuana and unlawfully reentering the United States after removal. Id. at 1307. The presentence report proposed to enhance the Guideline applicable to the immigration violation because Martinez-Cruz had a prior conviction for a felony drug trafficking conspiracy. Id. The immigration Guideline imposed a twelve-level enhancement if the defendant had a conviction for a felony drug trafficking offense for which the sentence imposed was thirteen months or less. Id. at 1308 (citing U.S.S.G. §2L1.2(b)(1)(B)). As the Fourth Circuit later would do in Norman, the Tenth Circuit concluded that Martinez-Cruz's prior §846 conspiracy conviction captured more conduct than the generic conspiracy

16

definition under the Guidelines, and thus that it could not be used to enhance his sentence. Id. at 1314.

Like Mathis, these cases do not apply to the petitioner. Section 924(c) contains its own definition of a "drug trafficking crime." Section 924(c)(2) states that for the purposes of 18 U.S.C. §924, "the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46." The petitioner pled guilty to, and thus was convicted of, the *substantive* offense of using or carrying a firearm during and in relation to, and possessing a firearm in furtherance of, the drug offense charged in Count One, a felony punishable under the Controlled Substances Act. The petitioner's case does not involve the question of whether he had a prior offense that met the statutory or Guidelines definition of a predicate offense sufficient to trigger a sentence enhancement. The question of whether he used or carried the gun during and in relation to, or possessed it in furtherance of, a felony punishable under the Controlled Substances Act was an *element* of the offense charged in Count Two, an element the indictment charged (Count Two specifically stated that the drug trafficking crime was "conspiracy to manufacture 5 or more grams of methamphetamine, as charged in Count 1, dkt. no. 1 at 18) and an element to which the petitioner pled guilty and was convicted.

Because the petitioner's claim does not rely on Mathis, and because the analysis in Mathis is not applicable to the petitioner's circumstances, he has not demonstrated an error grave enough to be deemed a miscarriage of justice.

   4.   *Conclusion*

The petitioner procedurally defaulted on his Ground Two claims challenging the sufficiency of Count Two of the indictment and the court is prohibited from considering them under the savings clause of §2255(e). The petitioner cannot use the savings clause of §2255(e) to bring his Ground One claim via a §2241 petition, because his claim does not rely on the statutory interpretation in Mathis and he has not demonstrated an error grave enough to be deemed a miscarriage of justice. The court will dismiss the petition.

**III.   Certificate of Appealability**

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2241.

## IV. Conclusion

The court **DIRECTS** the Clerk of Court to update the docket to reflect that Warden R. D. Keyes is the correct respondent.

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 18th day of May, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**